## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ALICIA PENA-MEDINA, | CIVIL ACTION   1:14-cv-05366 |
| Plaintiff, | |
| v. | COMPLAINT |
| CMRE FINANCIAL SERVICES, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

### COMPLAINT FOR RELIEF

NOW COMES the Plaintiff, ALICIA PENA-MEDINA ("Alicia"), by and through her attorneys, Sulaiman Law Group, Ltd., complaining of the Defendant, CMRE FINANCIAL SERVICES, INC. ("CMRE"), as follows:

### NATURE OF THE ACTION

1.   Alicia brings this action as a consumer to secure redress for unlawful collection practices committed by CMRE. Alicia alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a ("ICFA"), the Bankruptcy Discharge Injunction, 11 U.S.C. §524, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227(b)(3)(C).

### JURISDICTION AND VENUE

2.   Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692 (FDCPA), 11 U.S.C. §524 (Bankruptcy Discharge Injunction), 47 U.S.C. §227 (TCPA), and 28 U.S.C. §§1331, 1337, as these actions arise under the laws of the United States, and supplemental jurisdiction exists for state law claims (ICFA) pursuant to 28 U.S.C. §1367.

3.   Venue and personal jurisdiction are proper in this Court pursuant to 28 U.S.C. §1391 as CMRE conducts business in the Northern District of Illinois and CMRE's collection communications and abuses impacted Alicia within the Northern District of Illinois.

## PARTIES

4.   Alicia is natural person residing in the Northern District of Illinois.

5.   Alicia is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

6.   Defendant CMRE is a California corporation with its principal place of business located at 3075 East Imperial Highway, Suite 200, Brea, California 92821. Defendant transacts business in Illinois. Defendant's Illinois registered agent is CT Corporation System, 208 South LaSalle Street, Chicago, Illinois 60604.

7.   CMRE provides debt collection services for healthcare providers.

8.   CMRE is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

## FACTS SUPPORTING CAUSES OF ACTION

9.   On October 14, 2012, Alicia filed a Chapter 7 Bankruptcy Petition in the United States Bankruptcy Court, Northern District of Illinois, case number 12-40719.

10. Alicia listed CMRE as an unsecured creditor on her bankruptcy Schedule F. *See* attached Exhibit A is a true and accurate copy of Schedule F filed with Alicia's Bankruptcy Petition.

11. CMRE was listed as a collection agency for a pre-petition debt owed by Alicia to West Suburban Medical Center for medical services rendered for Alicia's son ("subject debt"). *Id.*

12. By virtue of Alicia listing CMRE as a creditor, the Bankruptcy Noticing Center ("BNC") served CMRE with a notice of the bankruptcy filing on October 17, 2012. *See* attached Exhibit B

is a true and correct copy of the Certificate of Notice executed by the BNC establishing service of the notice of filing on CMRE.

13. The notice of filing expressly states that creditors may not take certain actions:

> "prohibited actions include … contacting the debtor by telephone, mail or otherwise to demand repayment." *Id*.

14. Beginning on or about January 4, 2013, CMRE began to relentlessly place collection calls to Alicia's cell phone, attempting to collect the subject debt. On many occasions, CMRE would leave a voicemail.

15. The voicemails stated:

> "This is CMRE Financial Services calling … [w]e are calling on behalf of West Suburban Medical Center, regarding an important business matter … [t]his is a communication from a debt collector and an attempt to collect the debt … "

16. On February 5, 2013, Alicia was granted a discharge of all dischargeable debts, including the subject debt, pursuant to 11 U.S.C. §727. *See* attached Exhibit C, a true and correct copy of the Discharge Order entered in Alicia's bankruptcy case.

17. On February 7, 2013, the BNC served CMRE with the Discharge Order entered in Alicia's bankruptcy case. *See* attached Exhibit D, a true and correct copy of the BNC Certificate of Notice establishing service of the Discharge Order on CMRE.

18. The Discharge Order expressly states:

> "[t]he discharge prohibits any attempt to collect from the debtor a debt that has been discharged … a creditor is not permitted to contact a debtor by mail, phone, or otherwise … to collect a discharged debt from the debtor." *Id*.

19. Despite having received multiple notices of Alicia's bankruptcy and her subsequent discharge, CMRE continued its efforts to collect the subject debt from Alicia through collection calls and written demands for payment.

20. On July 31, 2013, with actual knowledge of the discharged status of the subject debt, CMRE sent a dunning letter to Alicia demanding payment of the discharged subject debt. *See* attached Exhibit E, a true and correct copy of the July 31, 2013 dunning letter sent by CMRE to Alicia.

21. The dunning letter included a detachable payment coupon with the instructions, "detach and return top portion with your payment."

22. Furthermore, the dunning letter stated:

"The purpose of this correspondence is to re-confirm our agreed upon payment commitment...."

23. Alicia never entered into any agreement with CMRE to make payments on the subject debt.

24. On December 5, 2013, CMRE sent a similar demand for payment on the subject debt.

25. Between January 4, 2013 and the present, CMRE placed at least 29 calls to Alicia's cell phone attempting to collect the subject debt.

26. On October 11, 2013, Alicia sent a correspondence to CMRE requesting that CMRE cease all collection efforts upon the discharged subject debt. *See* attached Exhibit F, a true and correct copy of the correspondence sent by Alicia to CMRE.

27. The correspondence attached the Discharge Order and the dunning letters relating to the subject debt. *Id.*

28. Notwithstanding the additional notice of the discharge of the subject debt and formal request to cease and desist all collection activities, CMRE continued to attempt to collect the subject debt.

29. Concerned about the violations of her rights and protections afforded by virtue of filing her Chapter 7 case, Alicia sought the assistance of counsel to ensure that CMRE's collection efforts ceased.

30. As a direct result of CMRE's relentless collection efforts, Alicia was led to believe that her bankruptcy discharge had no legal effect.

31. As a direct result of CMRE's relentless collection efforts, Alicia has suffered mental anguish and emotional distress.

32. As a direct result of CMRE's relentless collection efforts, Alicia was unduly inconvenienced and harassed.

33. As a result of CMRE's relentless collection efforts, Alicia has expended time and incurred costs consulting with her attorneys.

## COUNT I - VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

34. Alicia repeats and realleges paragraphs 1 through 33 as though fully set forth herein.

35. CMRE violated 15 U.S.C. §§1692e, e(2), e(10), and f through its debt collection efforts.

36. CMRE violated 15 U.S.C. §1692e when it falsely represented that an agreement was made between Alicia and CMRE to pay the discharged subject debt, when in fact Alicia never entered into a voluntary agreement with CMRE to repay the discharged subject debt.

37. CMRE violated 15 U.S.C. §1692e(2) when it misrepresented the character, amount, or legal status of the subject debt. The subject debt was not owed at the time CMRE demanded payment of the subject debt because it was discharged in Alicia's Chapter 7 bankruptcy.

38. Similarly, CMRE violated 15 U.S.C. §1692e(10) when it falsely represented that the subject debt was collectable at the time of the demands as the subject debt was not collectable by virtue of Alicia's discharge.

39. CMRE violated 15 U.S.C. §1692f by employing unfair and unconscionable means to collect the subject debt as Alicia's obligation was discharged in bankruptcy, and thus she did not have a duty or obligation to make the demand payment.

40. It was inherently unfair for CMRE to attempt to collect the discharged subject debt from a consumer that was granted a discharge.

41. Given that the underlying subject debt was duly scheduled in Alicia's bankruptcy and subsequently discharged, CMRE had no legal right to attempt to collect the subject debt from Alicia.

42. In doing so, CMRE has shown willful and malicious disregard towards the Bankruptcy Code and the FDCPA.

43. As pled in paragraphs 30 through 33, Alicia suffered damages as a direct result of CMRE's relentless collection efforts.

WHEREFORE, Plaintiff, ALICIA PENA-MEDINA, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a.  declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b.  awarding Alicia statutory damages of $1,000 as prescribed by the FDCPA;

   c.  awarding actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

   d.  awarding Alicia costs and reasonable attorney fees as provided under 15 U.S.C. §1692; and

   e.  awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II - VIOLATION OF THE ILLINOIS
## CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

44. Alicia restates and realleges paragraphs 1 through 33 as though fully set forth herein.

45. CMRE violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice by using fraud, deception, and misrepresentation in its attempt to collect a discharged or otherwise extinguished debt from Alicia.

46. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

47. Alicia is a consumer as defined by ICFA, 815 ILCS 505/1(e).

48. CMRE's attempt to collect a debt is part of the conduct of any trade or commerce as defined by ICFA, 815 ILCS 505/1(f).

49. CMRE's demands for payment on the subject debt, which was duly scheduled and discharged in Alicia's bankruptcy, represents the use of deception, fraud and false pretense in an attempt to collect a debt that was not collectable at the time the demand for payment was made by CMRE.

50. CMRE intended that Alicia rely on its misrepresentations and pay the discharged subject debt.

51. ICFA further states:

> Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper. 815 ILCS 505/10a.

52. As pled in paragraphs 30 through 33, Alicia has suffered actual damages as a direct result of CMRE's deceptive collection actions.

WHEREFORE, Plaintiff, ALICIA PENA-MEDINA, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. awarding Alicia actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. awarding the Alicia costs and reasonable attorney fees; and

d. awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III - VIOLATIONS OF 11 U.S.C. § 524(A)(2)

53. Alicia repeats and realleges paragraphs 1 through 33 as though fully set forth herein.

54. Pursuant to 11 U.S.C. § 524(a)(2), a discharge order "operates as an injunction" against acts to collect discharged debts.

55. "Section 524(a)(2) enjoins an act to collect a discharged debt, so a creditor that attempts to collect a discharged debt is in contempt of the bankruptcy court that issued the order of discharge." *Cox v. Zale Delaware, Inc.*, 239 F.3d 910, 915 (7th Cir. 2001).

56. Punitive damages are especially appropriate when a party has acted in "arrogant defiance" of the Bankruptcy Code. *In re Medlin*, 201 B.R. 188, 194 (Bankr.E.D.Tenn.1996).

57. CMRE violated the Discharge Injunction by willfully attempting to collect the subject debt with actual notice of Plaintiff's bankruptcy and the discharged status of the subject debt.

58. The onus of compliance with the procedures and protections afforded by the Bankruptcy Code is dependant on the highly sophisticated creditor's (or collection agency's) good faith compliance with the same.

59. CMRE should have implemented procedures and trained its employees to both discourage and prevent willful violations of the Bankruptcy Code.

60. CMRE's conduct demonstrates that it has no such system in place to protect the rights of innocent consumers under the protection of the Bankruptcy Code.

61. CMRE's conduct represents a brazen disregard of both the letter and the intent of the Bankruptcy Code.

62. As pled in paragraphs 30 through 33, Alicia has suffered actual damages as a direct result of CMRE's civil contempt of the Order of Discharge.

63. CMRE regularly and systematically engages in collection activity in direct violation of the Discharge Injunction.

64. This pattern and practice of routinely violating the Discharge Injunction demonstrates egregious behavior in arrogant defiance of Federal Law.

65. Alicia is entitled to punitive damages for CMRE's arrogant disregard of the Discharge Injunction.

66. The Court should award punitive damages to deter CMRE from future misconduct.

WHEREFORE, Plaintiff, ALICIA PENA-MEDINA, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.  declaring that the practices complained of herein violate the aforementioned statutes and regulations;

b.  awarding Alicia actual and punitive damages, in an amount to be determined at trial, for the underlying violations

c.  awarding the Alicia costs and reasonable attorney fees; and

d.  awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT IV -- VIOLATION OF THE
### TELEPHONE CONSUMER PROTECTION ACT (TCPA)

67. Alicia repeats and realleges paragraphs 1 through 33 as though fully set forth herein.

68. CMRE placed at least twenty-nine (29) calls to Alicia's cell phone, using an automatic telephone dialing system ("ATDS"), in an attempt to collect the subject debt.

69. CMRE did not have consent to call Alicia regarding the subject debt.

70. Any prior consent granted by Alicia was expressly revoked by the Discharge Order and Alicia's correspondence to CMRE demanding CMRE to cease the telephone calls.

71. The TCPA prohibits calling persons on their cell phones using an ATDS. 47 U.S.C. § 227(b)(1)(iii).

72. As pled in paragraphs 30 through 33, Alicia was harmed by CMRE's collection calls to her cellular phone, in addition to incurring fees associated with the use of her cellular service.

73. Pursuant to 47 U.S.C. §227(b)(3)(B), CMRE is liable to Alicia for at least $500 per telephone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), CMRE's willful and knowing violation of the TCPA should trigger this Honorable Court's ability to triple the damages to which Alicia is entitled under 47 U.S.C. §227(b)(3)(C).

WHEREFORE, Plaintiff, ALICIA PENA-MEDINA, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. awarding Alicia damages of at least $500 per phone call to be demonstrated at trial, for the underlying TCPA violations pursuant to 47 U.S.C. §227(b)(3)(B);

c. awarding Alicia treble damages pursuant to 47 U.S.C. §227(b)(3)(C); and

d. awarding any other relief as this Honorable Court deems just and appropriate.

Dated: July 14, 2014                                 Respectfully Submitted,

/s/ Mohammed O. Badwan
/s/ Daniel J. McGarry
Mohammed O. Badwan, Esq. ARDC#6299011
Daniel J. McGarry, Esq. ARDC#6309647
Counsel for Plaintiff
Sulaiman Law Group, LTD
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181
Fax: (630)575-8188