# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| ALICIA PENA-MEDINA, | |
| Plaintiff, | Case No. 1:14-cv-05366 |
| v. | Honorable Judge Robert M. Dow, Jr. |
| CMRE FINANCIAL SERVICES, INC., | |
| Defendant. | |

## ANSWER TO COMPLAINT

Defendant CMRE FINANCIAL SERVICES, INC. ("Defendant") hereby answers the Complaint of Plaintiff ALICIA PENA-MEDINA ("Plaintiff") as set forth below.

## NATURE OF THE ACTION

1.     Alicia brings this action as a consumer to secure redress for unlawful collection practices committed by CMRE.  Alicia alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a ("ICFA"), the Bankruptcy Discharge Injunction, 11 U.S.C. § 524, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(3)(C).

**ANSWER:**     Defendant admits that Plaintiff has brought an action that alleges violations of the FDCPA, ICFA, TCPA and bankruptcy discharge injunction.  Defendant denies that Plaintiff's allegations have merit.

## JURISDICTION AND VENUE

2.      Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692 ("FDCPA"), 11 U.S.C. § 524 (Bankruptcy Discharge Injunction), 47 U.S.C. § 227 ("TCPA"), and 28 U.S.C. §§ 1331, 1337, as these actions arise under the laws of the United States, and supplemental jurisdiction exists for state law claims (ICFA) pursuant to 28 U.S.C. § 1367.

**ANSWER:**    Defendant admits that the FDCPA, TCPA and Bankruptcy Code are federal statutes.  Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 2 of Plaintiff's Complaint as they constitute legal conclusions, and on that basis Defendant denies them for the present time.

3.      Venue and personal jurisdiction are proper in this Court pursuant to 28 U.S.C. § 1391 as CMRE conducts business in the Northern District of Illinois and CMRE's collection communications and abuses impacted Alicia within the Northern District of Illinois.

**ANSWER:**    Defendant admits that it does business in Northern District of Illinois from time to time.  Defendant denies that any "abuses" occurred.  Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 3 of Plaintiff's Complaint, and on that basis Defendant denies them for the present time.

## PARTIES

4.      Alicia is a natural person residing in the Northern District of Illinois.

**ANSWER:** Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 4 of Plaintiff's Complaint, and on that basis Defendant denies them for the present time.

5.     Alicia is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

**ANSWER:** Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 5 of Plaintiff's Complaint, which also constitute legal conclusions, and on that basis Defendant denies them for the present time.

6.     Defendant CMRE is a California corporation with its principal place of business located at 3075 East Imperial Highway, Suite 200, Brea, California 92821. Defendant's Illinois registered agent is CT Corporation System, 208 South LaSalle Street, Chicago, Illinois 60604.

**ANSWER:** Defendant admits the allegations in Paragraph 6 of Plaintiff's Complaint.

7.     CMRE provides debt collection services for healthcare providers.

**ANSWER:** Defendant admits, generally, the allegations in Paragraph 7 of Plaintiff's Complaint.

8.     CMRE is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

**ANSWER:** Defendant admits that it under certain circumstances, not necessarily present in this particular case, may meet the definition of "debt collector" as that term is defined by the FDCPA. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 3 of Plaintiff's Complaint, which

also constitute legal conclusions, and on that basis Defendant denies them for the present time.

**FACTS SUPPORTING CAUSES OF ACTION**

9.      On October 14, 2012, Alicia filed a Chapter 7 Bankruptcy Petition in the United States Bankruptcy Court, Northern District of Illinois, case number 12-40719.

**ANSWER:**    Upon information and belief, Defendant admits the allegations in Paragraph 9 of Plaintiff's Complaint.

10.     Alicia listed CMRE as an unsecured creditor on her bankruptcy Schedule F. *See* attached Exhibit A is a true and accurate copy of Schedule F filed with Alicia's Bankruptcy Petition.

**ANSWER:**    Defendant alleges that the document referenced in Paragraph 10 of Plaintiff's Complaint speaks for itself. Defendant admits that it may have been listed as an unsecured creditor with respect to debts not at issue in this case. Defendant denies that the subject debt was listed in Plaintiff's Schedule F.

11.     CMRE was listed as a collection agency for a pre-petition debt owed by Alicia to West Suburban Medical Center for medical services rendered for Alicia's son ("subject debt"). *Id.*

**ANSWER:**    Defendant denies the allegations in Paragraph 11 of Plaintiff's Complaint. Moreover, Defendant alleges that the document referenced in said paragraph speaks for itself.

12.     By virtue of Alicia listing CMRE as a creditor, the Bankruptcy Noticing Center ("BNC" served CMRE with a notice of the bankruptcy filing on October 17, 2012.

See attached Exhibit B is a true and correct copy of the Certificate of Notice executed by the BNC establishing service of the notice of filing on CMRE.

**ANSWER:** Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 12 of Plaintiff's Complaint, and on that basis Defendant denies them for the present time. Moreover, Defendant alleges that the document referenced in said paragraph speaks for itself.

13. The notice of filing expressly states that creditors may not take certain actions:

> "prohibited actions include . . . contacting the debtor by telephone, mail or otherwise to demand repayment." *Id.*

**ANSWER:** Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 13 of Plaintiff's Complaint, and on that basis Defendant denies them for the present time. Moreover, Defendant alleges that the document referenced in said paragraph speaks for itself.

14. Beginning on or about January 4, 2013, CMRE began to relentlessly place collection calls to Alicia's cell phone, attempting to collect the subject debt. On many occasions, CMRE would leave a voicemail.

**ANSWER:** Defendant denies the allegations in Paragraph 14 of Plaintiff's Complaint.

15. The voicemails stated:

> "This is CMRE Financial Services calling . . . [w]e are calling on behalf of West Suburban Medical Center, regarding an important business matter . . . [t]his is a communication from a debt collector and an attempt to collect the debt . . ."

**ANSWER:** Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 15 of Plaintiff's Complaint, and on that basis Defendant denies them for the present time.

16.     On February 5, 2013, Alicia was granted a discharge of all dischargeable debts, including the subject debt, pursuant to 11 U.S.C. § 727. *See* attached Exhibit C, a true and correct copy of the Discharge Order entered in Alicia's bankruptcy case.

**ANSWER:** Upon information and belief, Defendant admits that Plaintiff was granted a discharge in her bankruptcy case on February 5, 2013. Defendant denies that the subject debt was discharged. Moreover, Defendant alleges that the document referenced in Paragraph 16 of Plaintiff's Complaint speaks for itself.

17.     On February 7, 2013, the BNC served CMRE with the Discharge Order entered in Alicia's bankruptcy case. *See* attached Exhibit D, a true and correct copy of the BNC Certificate of Notice establishing service of the Discharge Order on CMRE.

**ANSWER:** Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 17 of Plaintiff's Complaint, and on that basis Defendant denies them for the present time. Moreover, Defendant alleges that the document referenced in said paragraph speaks for itself.

18.     The Discharge Order expressly states:

> "[t]he discharge prohibits any attempt to collect from the debtor a debt that has been discharged . . . a creditor is not permitted to contact a debtor by mail, phone, or otherwise . . . to collect a discharged debt from the debtor." *Id.*

**ANSWER:** Paragraph 18 of Plaintiff's Complaint does not contain any affirmative allegations against Defendant. To the extent said paragraph is deemed to

contain any affirmative allegations, Defendant denies them. Moreover, Defendant alleges that the document referenced in said paragraph speaks for itself.

19.     Despite having received multiple notices of Alicia's bankruptcy and her subsequent discharge, CMRE continued its efforts to collect the subject debt from Alicia through collection calls and written demands for payment.

**ANSWER:**     Defendant denies that the subject debt was part of Plaintiff's bankruptcy case. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 19 of Plaintiff's Complaint, and on that basis Defendant denies them for the present time.

20.     On July 31, 2013, with actual knowledge of the discharged status of the subject debt, CMRE sent a dunning letter to Alicia demanding payment of the discharged subject debt. See attached Exhibit E, a true and correct copy of the July 31, 2013 dunning letter sent by CMRE to Alicia.

**ANSWER:**     Defendant denies the allegations in Paragraph 20 of Plaintiff's Complaint. Moreover, Defendant alleges that the document referenced in said paragraph speaks for itself.

21.     The dunning letter included a detachable payment coupon with the instructions, "detach and return top portion with your payment."

**ANSWER:**     Paragraph 21 of Plaintiff's Complaint does not contain any affirmative allegations against Defendant. To the extent said paragraph is deemed to contain any affirmative allegations, Defendant denies them. Moreover, Defendant alleges that the document referenced in said paragraph speaks for itself.

22.     Furthermore, the dunning letter stated:

"The purpose of this correspondence is to re-confirm our agreed upon payment commitment . . ."

**ANSWER:** Paragraph 22 of Plaintiff's Complaint does not contain any affirmative allegations against Defendant. To the extent said paragraph is deemed to contain any affirmative allegations, Defendant denies them. Moreover, Defendant alleges that the document referenced in said paragraph speaks for itself.

23. Alicia never entered into any agreement to make payments on the subject debt.

**ANSWER:** Defendant denies the allegations in Paragraph 23 of Plaintiff's Complaint.

24. On December 5, 2013, CMRE sent a similar demand for payment on the subject debt.

**ANSWER:** Defendant denies the allegations in Paragraph 24 of Plaintiff's Complaint, to the extent said allegations refer to a debt listed in Plaintiff's bankruptcy petition. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 24 of Plaintiff's Complaint, and on that basis Defendant denies them for the present time.

25. Between January 4, 2013 and the present, CMRE placed at least 29 calls to Alicia's cell phone attempting to collect the subject debt.

**ANSWER:** Defendant denies the allegations in Paragraph 25 of Plaintiff's Complaint.

26. On October 11, 2013, Alicia sent a correspondence to CMRE requesting that CMRE cease all collection efforts upon the discharged subject debt. *See* attached Exhibit F, a true and correct copy of the correspondence sent by Alicia to CMRE.

**ANSWER:** Defendant denies the allegations in Paragraph 26 of Plaintiff's Complaint. Moreover, Defendant alleges that the document referenced in said paragraph speaks for itself.

27. The correspondence attached the Discharge Order and the dunning letters relating to the subject debt. *Id.*

**ANSWER:** Defendant denies the allegations in Paragraph 27 of Plaintiff's Complaint. Moreover, Defendant alleges that the document referenced in said paragraph speaks for itself.

28. Notwithstanding the additional notice of the discharge of the subject debt and formal request to cease and desist all collection activities, CMRE continued to attempt to collect the subject debt.

**ANSWER:** Defendant denies the allegations in Paragraph 28 of Plaintiff's Complaint.

29. Concerned about the violation of her rights and protections afforded by virtue of filing her Chapter 7 case, Alicia sought the assistance of counsel to ensure that CMRE's collection efforts ceased.

**ANSWER:** Defendant denies that any violations occurred. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 29 of Plaintiff's Complaint, and on that basis Defendant denies them for the present time.

30. As a direct result of CMRE's relentless collection efforts, Alicia was led to believe that her bankruptcy discharge had no legal effect.

**ANSWER:** Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 30 of Plaintiff's Complaint, and on that basis Defendant denies them for the present time.

31. As a direct result of CMRE's relentless collection efforts, Alicia has suffered mental anguish and emotional distress.

**ANSWER:** Defendant denies the allegations in Paragraph 31 of Plaintiff's Complaint.

32. As a direct result of CMRE's relentless collection efforts, Alicia was unduly inconvenienced and harassed.

**ANSWER:** Defendant denies the allegations in Paragraph 32 of Plaintiff's Complaint.

33. As a result of CMRE's relentless collection efforts, Alicia has expended time and incurred costs consulting with her attorneys.

**ANSWER:** Defendant denies the allegations in Paragraph 33 of Plaintiff's Complaint.

## COUNT I - FDCPA

34. Alicia repeats and realleges paragraphs 1 through 33 as though fully set forth herein.

**ANSWER:** Defendant incorporates Paragraphs 1-33 of its Answer, and denies the allegations in Paragraph 34 of Plaintiff's Complaint.

35.     CMRE violated 15 U.S.C. §§1692e, e(2), e(10), and f through its debt collection efforts.

**ANSWER:**     Defendant denies the allegations in Paragraph 35 of Plaintiff's Complaint.

36.     CMRE violated 15 U.S.C. §§1692e when it falsely represented that an agreement was made between Alicia and CMRE to pay the discharged subject debt, when in fact Alicia never entered into a voluntary agreement with CMRE to repay the discharge subject debt.

**ANSWER:**     Defendant denies the allegations in Paragraph 36 of Plaintiff's Complaint.

37.     CMRE violated 15 U.S.C. §§1692e(2) when it misrepresented the character, amount, or legal status of the subject debt.  The subject debt was not owed at the time CMRE demanded payment of the subject debt because it was discharged in Alicia's Chapter 7 bankruptcy.

**ANSWER:**     Defendant denies the allegations in Paragraph 37 of Plaintiff's Complaint.

38.     Similarly, CMRE violated 15 U.S.C. §1692e(10) when it falsely represented that the subject debt was collectable at the time of the demands as the subject debt was not collectable by virtue of Alicia's discharge.

**ANSWER:**     Defendant denies the allegations in Paragraph 38 of Plaintiff's Complaint.

39. CMRE violated 15 U.S.C. §§1692f by employing unfair and unconscionable means to collect the subject debt as Alicia's obligation was discharged in bankruptcy, and thus she did not have duty or obligation to make the demand payment.

**ANSWER:** Defendant denies the allegations in Paragraph 39 of Plaintiff's Complaint.

40. It was inherently unfair for CMRE to attempt to collect the discharged subject debt from a consumer that was granted a discharge.

**ANSWER:** Defendant denies the allegations in Paragraph 40 of Plaintiff's Complaint.

41. Given that the underlying subject debt was duly scheduled in Alicia's bankruptcy and subsequently discharged, CMRE had no legal right to attempt to collect the subject debt from Alicia.

**ANSWER:** Defendant denies the allegations in Paragraph 41 of Plaintiff's Complaint.

42. In doing so, CMRE has shown willful and malicious disregard towards the Bankruptcy Code and the FDCPA.

**ANSWER:** Defendant denies the allegations in Paragraph 42 of Plaintiff's Complaint.

43. As pled in paragraphs 30 through 33, Alicia suffered damages as a direct result of CMRE's relentless collection efforts.

WHEREFORE, Plaintiff, ALICIA PENA-MEDINA, respectfully requests that this Honorable Court enter judgment in her favor as follow:

    a.    declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations:

b.      awarding Alicia statutory damages of $1,000 as prescribed by the FDCPA:

c.      awarding actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

d.      awarding Alicia costs and reasonable attorney fees as provided under 16 U.S.C. §1692; and

e.      awarding any other relief as this Honorable Court deems just and appropriate.

**ANSWER:**    Defendant denies the allegations in Paragraph 43 of Plaintiff's Complaint.  Defendant further denies that Plaintiff is entitled to the relief requested in said paragraph.

## COUNT II - ICFA

44.     Alicia restates and realleges paragraphs 1 through 33 as though fully set forth herein.

**ANSWER:**    Defendant incorporates Paragraphs 1-33 of its Answer, and denies the allegations in Paragraph 44 of Plaintiff's Complaint.

45.     CMRE violated 815 ILCS 505.2 by engaging in an unfair and deceptive act or practice by using fraud, deception, and misrepresentation in its attempt to collect a discharged or otherwise extinguished debt from Alicia.

**ANSWER:**    Defendant denies the allegations in Paragraph 45 of Plaintiff's Complaint.

46.     The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not       limited to the use or employment of any deception, fraud, false pretense, false

promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 814 ILCS 505/2

**ANSWER:** Paragraph 46 of Plaintiff's Complaint does not contain any affirmative allegations against Defendant. To the extent said paragraph is deemed to contain any affirmative allegations, Defendant denies them. Moreover, these allegations pertain to legal conclusions to which no response is required.

47. Alicia is a consumer as defined by ICFA, 815 ILCS 505/1(e).

**ANSWER:** Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 47 of Plaintiff's Complaint, which also constitute legal conclusions, and on that basis Defendant denies them for the present time.

48. CMRE's attempt to collect a debt is part of the conduct of any trade or commerce as defined by ICFA, 815 ILCS 505/1(f).

**ANSWER:** Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 48 of Plaintiff's Complaint, which also constitute legal conclusions, and on that basis Defendant denies them for the present time.

49. CMRE's demands for payment on the subject debt, which was duly scheduled and discharged in Alicia's bankruptcy, represents the use of deception, fraud and false pretense in an attempt to collect a debt that was not collectable at the time the demand for payment was made by CMRE.

**ANSWER:** Defendant denies the allegations in Paragraph 49 of Plaintiff's Complaint.

50.    CMRE intended that Alicia rely on its misrepresentations and pay the discharged subject debt.

**ANSWER:**    Defendant denies the allegations in Paragraph 50 of Plaintiff's Complaint.

51.    ICFA further states:

> Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper. 815 ILCS 505/10a.

**ANSWER:**    Paragraph 51 of Plaintiff's Complaint does not contain any affirmative allegations against Defendant. To the extent said paragraph is deemed to contain any affirmative allegations, Defendant denies them. Moreover, these allegations pertain to legal conclusions to which no response is required.

52.    As pled in paragraphs 30 through 33, Alicia has suffered actual damages as a direct result of CMRE's deceptive collection actions.

WHEREFORE, Plaintiff, ALICIA PENA-MEDINA, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.    declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.    awarding Alicia actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c.    awarding the Alicia costs and reasonable attorney fees; and

d.    awarding any other relief as this Honorable Court deems just and appropriate.

**ANSWER:** Defendant denies the allegations in Paragraph 52 of Plaintiff's Complaint. Defendant further denies that Plaintiff is entitled to the relief requested in said paragraph.

## COUNT III - 11 U.S.C. §524(A)(2)

53. Alicia repeats and realleges paragraph 1 through 33 as though fully set forth herein.

**ANSWER:** Defendant incorporates Paragraphs 1-33 of its Answer, and denies the allegations in Paragraph 53 of Plaintiff's Complaint.

54. Pursuant to 11 U.S.C. §524(a)(2) a discharge order "operates as an injunction" against acts to collect discharged debts.

**ANSWER:** Paragraph 54 of Plaintiff's Complaint does not contain any affirmative allegations against Defendant. To the extent said paragraph is deemed to contain any affirmative allegations, Defendant denies them. Moreover, these allegations pertain to legal conclusions to which no response is required.

55. "Section 524(a)(2) enjoins an act to collect a discharged debt, so a creditor that attempts to collect a discharged debt is in contempt of the bankruptcy court that issued the order of discharge." *Cox v. Zale Delaware, Inc.*, 239 F.3d 910, 915 (7th Cir. 2001).

**ANSWER:** Paragraph 55 of Plaintiff's Complaint does not contain any affirmative allegations against Defendant. To the extent said paragraph is deemed to contain any affirmative allegations, Defendant denies them. Moreover, these allegations pertain to legal conclusions to which no response is required.

56.    Punitive damages are especially appropriate when a party has acted in "arrogant defiance" or the Bankruptcy Code. *In re Medlin*, 201 B.R. 188, 194 (Bankr. E.D. Tenn. 1996).

**ANSWER:**    Paragraph 56 of Plaintiff's Complaint does not contain any affirmative allegations against Defendant. To the extent said paragraph is deemed to contain any affirmative allegations, Defendant denies them. Moreover, these allegations pertain to legal conclusions to which no response is required.

57.    CMRE violated the Discharge Injunction by willfully attempting to collect the subject debt with actual notice by Plaintiff's bankruptcy and the discharge status of the subject debt.

**ANSWER:**    Defendant denies the allegations in Paragraph 57 of Plaintiff's Complaint.

58.    The onus of compliance with the procedures and protections afforded by the Bankruptcy Code is dependent on the highly sophisticated creditor's (or collection agency's) good faith compliance with the same.

**ANSWER:**    Paragraph 58 of Plaintiff's Complaint does not contain any affirmative allegations against Defendant. To the extent said paragraph is deemed to contain any affirmative allegations, Defendant denies them. Moreover, these allegations pertain to legal conclusions to which no response is required.

59.    CMRE should have implemented procedures and trained its employees to both discourage and prevent willful violations of the Bankruptcy Code.

**ANSWER:**    Defendant denies the implication in Paragraph 59 of Plaintiff's Complaint that Defendant did not implement such procedures and training. Defendant

lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 59 of Plaintiff's Complaint, which are vague and ambiguous, and on that basis Defendant denies them for the present time.

60.     CMRE's conduct demonstrates that it has no such system in place to protect the rights of innocent consumers under the protection of the Bankruptcy Code.

**ANSWER:**     Defendant denies the allegations in Paragraph 60 of Plaintiff's Complaint.

61.     CMRE's conduct represents a brazen disregard of both the letter and the intent of the Bankruptcy Code.

**ANSWER:**     Defendant denies the allegations in Paragraph 61 of Plaintiff's Complaint.

62.     As pled in paragraph 30 through 33, Alicia has suffered actual damages as a direct result of CMRE's civil contempt of the Order of Discharge.

**ANSWER:**     Defendant denies the allegations in Paragraph 62 of Plaintiff's Complaint.

63.     CMRE regularly and systematically engages in collection activity in direct violation of the Discharge Injunction.

**ANSWER:**     Defendant denies the allegations in Paragraph 63 of Plaintiff's Complaint.

64.     This pattern and practice of routinely violating the Discharge Injunction demonstrates egregious behavior in arrogant defiance of Federal Law.

**ANSWER:**     Defendant denies the allegations in Paragraph 64 of Plaintiff's Complaint.

65.     Alicia is entitled to punitive damages for CMRE's arrogant disregard of the Discharge Injunction.

**ANSWER:**   Defendant denies the allegations in Paragraph 65 of Plaintiff's Complaint.

66.     The Court should award punitive damages to deter CMRE from future misconduct.

WHEREFORE, Plaintiff, ALICIA PENA-MEDINA, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.      declaring that the practices complained of herein violate the aforementioned statutes and regulations;

b.      awarding Alicia actual and punitive damages, in an amount to be determined at trial, for the underlying violations.

c.      awarding the Alicia costs and reasonable attorney fees; and

d.      awarding any other relief as this Honorable Court deems just and appropriate.

**ANSWER:**   Defendant denies the allegations in Paragraph 66 of Plaintiff's Complaint.  Defendant further denies that Plaintiff is entitled to the relief requested in said paragraph.

## COUNT IV - TCPA

67.     Alicia repeats and realleges paragraph 1 through 33 as though fully set forth herein.

**ANSWER:**   Defendant incorporates Paragraphs 1-33 of its Answer, and denies the allegations in Paragraph 67 of Plaintiff's Complaint.

68. CMRE placed at least twenty-nine (29) calls to Alicia's cell phone, using an automatic telephone dialing system ("ATDS"), in an attempt to collect the subject debt.

**ANSWER:** Defendant denies the allegations in Paragraph 68 of Plaintiff's Complaint.

69. CMRE did not have consent to call Alicia regarding the subject debt.

**ANSWER:** Defendant denies the allegations in Paragraph 69 of Plaintiff's Complaint.

70. Any prior consent granted by Alicia was expressly revoked by the Discharge Order and Alicia's correspondence to CMRE demanding CMRE to cease the telephone calls.

**ANSWER:** Defendant denies the allegations in Paragraph 70 of Plaintiff's Complaint. Moreover, said allegations pertain to legal conclusions to which no response is required.

71. The TCPA prohibits calling persons on their cell phones using an ATDS. 47 U.S.C. § 227(b)(1)(iiii).

**ANSWER:** Paragraph 71 of Plaintiff's Complaint does not contain any affirmative allegations against Defendant. To the extent said paragraph is deemed to contain any affirmative allegations, Defendant denies them. Moreover, these allegations pertain to legal conclusions to which no response is required.

72. As pled in paragraphs 30 through 33, Alicia was harmed by CMRE's collection calls to her cellular phone, in addition to incurring fees associated with the use of her cellular service.

**ANSWER:** Defendant denies the allegations in Paragraph 72 of Plaintiff's Complaint.

73. Pursuant to 47 U.S.C. §226(b)(3)(B), CMRE is liable to Alicia for at least $500 per telephone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), CMRE's willful and knowing violation of the TCPA should trigger this Honorable Court's ability to triple the damages to which Alicia is entitled under 47 U.S.C. §277(b)(3)(C).

WHEREFORE, Plaintiff, ALICIA PENA-MEDINA, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. declaring that the practices complained of herein are unlawful and violates the aforementioned statutes and regulations;

b. awarding Alicia damages of at least $500 per phone call to be demonstrated at trial. For the underlying TCPA violations pursuant to 47 U.S.C. §277(b)(3)(B);

c. awarding Alicia treble damages pursuant to 47 U.S.C. §277(b)(3)(C); and

d. awarding any other relief as this Honorable Court deems just and appropriate.

**ANSWER:** Defendant denies the allegations in Paragraph 73 of Plaintiff's Complaint. Defendant further denies that Plaintiff is entitled to the relief requested in said paragraph.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiffs' Complaint, and all allegations contained therein, or portions thereof, are, or may be, barred by the applicable statute or statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are, or may be, exclusively governed by the Bankruptcy Code.

### FOURTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that it did not engage in any conduct that was intentional, knowing, willful, reckless, malicious, wanton or outrageous, and that Defendant at all times acted in good faith with respect to its communications with Plaintiff, if any there were.

### FIFTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that if Plaintiff was damaged, which Defendant denies, then Plaintiff's damages are limited by statute.

### SIXTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are, or may be, barred because the claimed injuries and damages, if any, were or may have been caused by the conduct of third parties, including, but not limited to, the prior, intervening, or superseding conduct of third parties.

### SEVENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's injuries, losses, or damages alleged in the Complaint were caused, or causally contributed to, by

the comparative fault, negligence, negligence per se, assumption of the risk, and/or culpable conduct of Plaintiff and/or others, and the amount of damages, if any, that may be recovered by Plaintiffs from Defendant must be diminished in the proportion that Plaintiff's own conduct, and/or the conduct of others, contributed to the cause of Plaintiff's alleged injuries, losses or damages.

## EIGHTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that if it is assumed, *arguendo*, that Defendant violated a statute as alleged in Plaintiff's Complaint, which presupposition Defendant denies, such violation was not negligent nor intentional, and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## NINTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that federal law may preempt some or all of Plaintiffs' claims and causes of action, and said claims and causes of action are therefore barred as a matter of law.

## TENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are barred by the doctrine of assumption of the risk.

## ELEVENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that it did not have actual nor constructive notice of the alleged facts in Plaintiff's Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that the subject debt was not listed in Plaintiff's bankruptcy petition and was not discharged in Plaintiff's bankruptcy.

## THIRTEENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are barred to the extent she failed to list this lawsuit as an asset in her bankruptcy.

## FOURTEENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiffs consented to the communications and/or disclosures complained of, the existence of which Defendant denies.

## FIFTEENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's Complaint against Defendant was not brought in good faith and is frivolous, in part or in full. The relief requested by Plaintiffs is therefore precluded, and Defendant is entitled to recover reasonable expenses, including attorney's fees and other defense costs.

## SIXTEENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that the TCPA was intended to restrict telemarketers, not those engaged in the collection of debt, and enforcement of statutory damages under the TCPA against Defendant without prior notice would constitute imposition of unexpected, unfair, excessive, unlawful and unconstitutional damages. Defendant further alleges that debt collection calls are under the exclusive province of the Fair Debt Collection Practices Act.

## SEVENTEENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that it had consent to call the phone number(s) at issue, either prior express consent or implied consent.

## EIGHTEENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant asserts that any alleged calls by Defendant to Plaintiffs were not made by an automatic telephone dialing system or an artificial or prerecorded voice.

## NINETEENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant asserts that any calls to Plaintiffs were made pursuant to an existing business relationship.

## TWENTIETH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that it was allowed to reasonably rely on information submitted to it by the creditor.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant asserts that any calls to Plaintiffs were commercial calls that do not adversely affect privacy rights and/or did not transmit an unsolicited advertisement.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

As a separate affirmative defense, Defendant alleges that Plaintiffs' claims may be subject to the primary jurisdiction of the FCC.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's Complaint fails to state a cause of action supporting punitive damages, and that the imposition of such damages would violate Defendant's constitutional due process rights.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges, to the extent that Plaintiffs claim to have suffered damages, which is disputed by Defendant, Plaintiffs have failed to mitigate any such claimed damages.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that it reserves the right to allege and assert any additional and/or further affirmative defenses as become apparent to Defendant during the course of this litigation.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with prejudice, for its attorneys' fees and costs incurred herein, and for such further relief as the Court deems just and equitable.

Dated: August 6, 2014              Respectfully submitted,

/s/ Gordon K. Walton
Gordon K. Walton
Walton Law Group LLC
161 N. Clark Street, Suite 4700
Chicago, Illinois 60601
(P) 312-523-2106
(F) 312-523-2001
gkwalton@waltonlawgroupllc.com

Attorneys for Defendant
CMRE FINANCIAL SERVICES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically with the Clerk of the Court this 6th day of August, 2014 to be served by operation of the Court's electronic filing system upon the following:

Ahmad Tayseer Sulaiman
Daniel John McGarry
Mohammed Omar Badwan
Sulaiman Law Group, Ltd.
900 Jorie Boulevard
Suite 150
Oak Brook, IL 60523
(630) 575-8181
ahmad.sulaiman@sulaimanlaw.com
dmcgarry@sulaimanlaw.com
mbadwan@sulaimanlaw.com

Attorneys for Plaintiff

/s/ Gordon K. Walton